UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANDERSON,<br>    Plaintiff,<br>v.<br><br>CLINTON TOWNSHIP POLICE<br>DEPARTMENT, *et al.*,<br>    Defendant.<br>_____/ | Case No.: 18-11291<br><br>Terrence G. Berg<br>United States District Judge<br><br>Stephanie Dawkins Davis<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND TO DISMISS (Dkt. 21)**

## I.   PROCEDURAL HISTORY

Plaintiff brought this action *pro se* under 42 U.S.C. § 1983 and 1981. (Dkt. 1). District Judge Terrence G. Berg referred all pretrial matters in this case to the undersigned on May 29, 2018. (Dkt. 12). On June 22, 2018, plaintiff requested an entry of default against defendant Rob Wolchek (Dkt. 17), and on June 25, the Clerk of the Court filed an entry of default against Wolchek (Dkt. 18). On June 29, 2018, Mr. Wolchek filed his motion to set aside the entry of default and to dismiss plaintiff's complaint against him. (Dkt. 21). Plaintiff responded (Dkt. 24) and Wolchek replied (Dkt. 26).

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Complaint

Plaintiff operated a trucking business in which he bought and then rented trucks. (Dkt. 1, at ¶ 12-13). Plaintiff claims that defendants Johnson and Gilmore were parties to contracts involving plaintiff. (*Id.* at ¶ 22-23, 57, 61). Defendant Aldea operated a similar trucking business. (*Id.* at ¶ 24). Plaintiff details instances in which he claims the Clinton Township Police Department were biased against him, refusing to take statements about threats of violence against him (*Id.* ¶ 34) or failing to act (*Id.* at ¶¶ 47, 48, 63). Plaintiff was arrested by officers in the department for a crime not specified in plaintiff's complaint, but the charge was dropped after Mr. Aldea took the stand as a witness and "was found not to be believable." (*Id.* at ¶ 51-55). Subsequently, on July 8, 2015, Mr. Wolchek ran a news story about plaintiff, including interviews from Johnson, Gilmore, and Aldea, and allegedly used the Clinton Township Police as an unnamed source. (*Id.* at ¶ 65, 66). In interviews, these defendants said that plaintiff stole and cashed checks made payable to Aldea. (*Id.* at ¶ 68). According to plaintiff, this news story was used to damage his future business prospects. (*Id.* at ¶ 67). Plaintiff claims that Mr. Wolchek ran the story without checking the facts, namely that charges against plaintiff were dropped. (*Id.* at ¶¶ 71-73). Plaintiff states that the defendants conspired to give subsequent, erroneous interviews. (*Id.* at ¶¶ 68-70).

Plaintiff alleges conspiracy (¶ 84) and violations of the First, Fifth and Fourteenth Amendments (¶ 83, 88, 89).

### III. ANALYSIS AND RECOMMENDATIONS

As an initial matter, the undersigned notes that defendant Wolchek did not seek concurrence from plaintiff before bringing his motion, pursuant to Local Rule 7.1. The undersigned reminds defendant of his obligations under Local Rule 7.1 and the possible consequences of failing to comply with the local rules. *See* Local Rule 11.1.

    A.    <u>Defendant Wolchek's Motion to Set Aside Entry of Default</u>

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the Sixth Circuit instructs that courts must consider whether "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (citations omitted).

Defendant argues that his conduct was not willful. Instead, his failure to respond to the complaint was due to insufficient service of process. (Dkt. 21, at p. 6-7). Plaintiff attempted service by Priority Mail addressed to defendant at a Post Office Box used by his employer, Fox 2 Detroit. Under Fed. R. Civ. P. 4(e)

3

(serving an individual), this service attempt is insufficient to confer service of process on defendant. Defendant argues that he has meritorious defenses to plaintiff's claims, some of which he will bring forth in a second motion to dismiss, should the case proceed so far. (*Id.* at p. 7-8). Finally, defendant argues that plaintiff will suffer no prejudice from setting aside the entry of default. At most, setting aside the default will delay the case, but not substantially so. (*Id.* at p. 9-10).

In the view of the undersigned, the entry of default should be set aside. "Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, 2000 WL 1257040, at *5 (6th Cir. 2000) (table) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if service of process was not proper, the court must set aside an entry of default."). A named defendant "becomes a party officially, and is required to

take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 350 (1999).

In this case, plaintiff did not properly serve the summons and complaint on Mr. Wolchek pursuant to Fed. R. Civ. P. 4(e). Rule 4(e) provides,

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff was attempting to serve Mr. Wolchek, an individual. Plaintiff's attempt at service does not comport with Michigan law. Michigan Court Rule 2.105 provides the means by which a plaintiff may serve process on an individual:

> MCR 2.105 Process; Manner of Service
> (A) Individuals. Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Plaintiff does not claim that he served Wolchek personally. In plaintiff's request for entry of default, he states that the summons and complaint were served at "P.O. Box 2000 Southfield Michigan 48037." (Dkt. 17). The Signature Confirmation sheet was signed by Onedia Adkins at Fox 2. (*Id.*). As to subsection (2) of the Michigan Court Rule, plaintiff sent the summons and complaint by Priority Mail, rather than registered or certified mail, and someone other than Wolchek signed for the mail. Subsection (2) requires that the defendant acknowledge receipt of the mail, which clearly did not happen in this case. Therefore, plaintiff did not properly serve Wolchek under Michigan law.

Likewise, plaintiff's attempt at service did not comport with Rule 4(e)(2). He did not have the summons and complaint personally delivered to Wolchek; he did not leave a copy at Wolchek's dwelling or usual place of abode; and he did not

6

deliver the documents to an authorized agent. In his response plaintiff contends that by sending the documents to Wolchek's employer, he essentially sent the documents to his dwelling or usual place of abode. (Dkt. 24, Pg ID 274). Plaintiff cites no authority for such a conclusion. Indeed, service on an individual's employer is not service at the individual's dwelling or usual place of abode. *See Walker v. Joyce*, 2015 WL 13507444, at *2 (S.D. Ohio July 21, 2015) (citing *McGee v. Schoolcraft Cmty. Coll.,* 167 Fed. Appx. 429, 434 (6th Cir. 2006)). Further, there is no indication in the record that Onedia Adkins is an authorized agent of Wolchek, and plaintiff does not contend that Adkins is an authorized agent. Therefore, plaintiff has not properly served Wolcheck under Rule 4(e)(2), either.

As this Court stated in *Malloy v. Watchtower Bible and Tract Society*, 2017 WL 3727171, at *3 (E.D. Mich. Aug. 30, 2017) (Hood, J.), "Having found that Plaintiff did not properly serve Defendant, the Court concludes that it does not have the authority to enter a default or judgment against Defendant.." (citing *Wells v. Rhodes*, 592 Fed. Appx. 373, 377 (6th Cir. 2014)). As stated recently by this Court,

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside;

>and 3) whether the defendant asserts any meritorious defenses to the claims. United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844-45 (6th Cir. 1989).
>
>"However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." Adams v. Wilmington Finance/AIG, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at *1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." Harper v. ACS-INC., 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at *3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." O.J. Dist., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003).

*Green v. City of Southfield*, 2016 WL 695656, at *2 (E.D. Mich. Feb. 22, 2016) (Cox, J.); *see also Harrison v. Burt*, 2008 WL 3984044, at *1 (E.D. Mich. Aug. 28, 2008) ("[A]ctual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown."). Because service of process was not proper in this case, the undersigned recommends that the entry of default against Wolchek be set aside.

    B.    <u>Defendant Wolchek's Motion to Dismiss</u>

Wolchek argues that plaintiff's complaint should be dismissed against him for failure to effectuate service in accordance with Rule 4. (Dkt. 21, at p. 10).

However, Wolchek's motion is premature. As discussed above, Wolchek is correct that plaintiff did not effectuate service of process under Michigan law or Rule 4(e)(2), and thus did not properly service him under Rule 4(e). However, the undersigned notes that Wolchek brought this motion on June 29th, only 65 days after plaintiff filed his complaint. Under Fed. R. Civ. P. 4(m), plaintiff had 90 days in which to serve the complaint on the defendants. "[A] motion to dismiss on the basis of improper service made during the period for service may properly be denied as premature." *King v. Taylor*, 694 F.3d 650, 661 (6th Cir. 2012) (citing *McGinnis v. Shalala,* 2 F.3d 548, 551 (5th Cir.1993) (per curiam)). The motion should therefore be denied as premature. *See Toliver v. Lutheran Social Servs.*, 2008 WL 126628, at *2 (E.D. Mich. Jan. 14, 2008) (denying motion to dismiss as premature because defendants had not yet been served and time still remained to serve them under Rule 4(m)), *PNC Equipment Finance, LLC v. Aero Toy Store, LLC*, 2012 WL 3544660, at *3 (S.D. Ohio Aug. 16, 2012) ("When a motion to dismiss for failure of service is filed prior to the expiration of the [4(m)] period, as Defendants' motion was in this case, courts will generally deny that motion as premature."). Accordingly, the undersigned recommends that the motion to dismiss be denied as premature.

However, plaintiff's 90 day window to serve the complaint on all defendants expired on July 24, 2018. It does not appear that plaintiff properly served Wolchek

within the 90 day period. Given that Wolchek's motion was pending during the time within which plaintiff could have served the complaint on Wolchek, the undersigned recommends affording plaintiff an additional 20 days in which to accomplish proper service on Wolchek pursuant to Fed. R. Civ. P. 4(e).

    C.    <u>Wolchek's Request for Surety Bond</u>

In his reply brief, Mr. Wolchek requests that this Court impose a surety bond on plaintiff as a condition for continuing litigation against Wolchek. According to Wolchek, plaintiff's litigation against him is harassing, beginning with filing a case in this Court on January 4, 2018 against numerous defendants including Wolchek. That case was dismissed for lack of subject matter jurisdiction. (Dkt. 26, at p. 3) (*See* Case No. 18-10037, Dkt. 7). Plaintiff then filed a state court action on January 18, 2018, which was also dismissed. (Dkt. 26, at p. 3). The state court granted the defendants' request for a $10,000 surety bond on plaintiff's appeal. The case currently before the Court is plaintiff's third action against Wolchek and others, filed after the state court dismissal. According to Wolchek, plaintiff subsequently filed yet another action in state court against Wolchek, New World Communications of Detroit, Inc., and Ovie Aldea. (*Id.*, Exhibit A – Macomb County Court Complaint). Wolchek claims that this second state court action is a repeat of his first state court action, but adds a "made-up allegation." Wolchek seeks this security bond because "there is every reason to believe that, unless a

substantial surety bond for costs and sanctions is imposed, he will continue to display contempt for the orders of this and other courts." (*Id.* at p. 7).

The undersigned suggests that this request should be denied. Wolchek raised this argument for a surety bond for the first time in his reply brief. It is well-established that a reply brief is not the proper place to raise new arguments. *Hamilton v. Astrue*, 2010 WL 1032646, *6 (N.D. Ohio 2010), citing, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 n. 19 (6th Cir. 2005); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "A reply brief is [the movant's] opportunity to respond to arguments raised for the first time in the [response] brief. A [movant] cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of [the movant's] arguments." *Hamilton*, at *6, citing, *Scottsdale*, 513 F.3d at 553.[1] For this reason, the undersigned recommends that Wolchek's request for surety bond be denied.

---

[1] Notably, plaintiff has filed a motion to file a sur-reply (Dkt. 27) in response to Wolchek's request for surety. However, in the view of the undersigned should the issue of posting a surety bond be addressed, it should be done so with full briefing rather than in the form of an abbreviated reply and sur-reply. Therefore, the motion to file a sur-reply will be denied in a separate order.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to set aside entry of default (Dkt. 21) be **GRANTED**.

The undersigned further **RECOMMENDS** that defendant's motion to dismiss (Dkt. 21) be **DENIED** as premature.

The undersigned further **RECOMMENDS** that defendant's request for a surety bond be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

   Date:  September 12, 2018                     s/Stephanie Dawkins Davis
                                                     Stephanie Dawkins Davis
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on September 12, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                                   s/Tammy Hallwood
                                                   Case Manager
                                                   (810) 341-7887
                                                   tammy_hallwood@mied.uscourts.gov