UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANDERSON,
     Plaintiff,

v.

CLINTON TOWNSHIP POLICE
DEPARTMENT, *et al.*,
     Defendants.

_____/

Case No.: 18-11291

Terrence G. Berg
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## REPORT AND RECOMMENDATION
## DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS ANDREW
## JOHNSON AND WILLY GILMORE

## I.     BACKGROUND

Plaintiff brought this action *pro se* under 42 U.S.C. §§ 1983 and 1981. (Dkt. 1). District Judge Terrence G. Berg referred all pretrial matters in this case to the undersigned on May 29, 2018. (Dkt. 12). On December 4, 2018, this Court ordered plaintiff Anderson to show cause why he has failed to make service of the summons and complaint as to defendants Andrew Johnson and Willy Gilmore in this matter. (Dkt. 34). Anderson timely responded to the order to show cause. (Dkt. 36). In his response he states that defendants Johnson and Gilmore are evading service and that he attempted service via "US Mail, UPS, and FED EX" and personal service. He requested an additional 90 days to attempt service or that this Court direct service by the U.S. Marshals Service at his expense. In order to properly evaluate Anderson's response to the order to show cause, the Court

ordered Anderson to provide a supplemental brief detailing all of his efforts to

effectuate service on Johnson and Gilmore.  Anderson timely filed a supplemental

brief in which he explained that both Gilmore and Johnson were aware of this

litigation and "were sent via US mail for AO 398[1] to this case on or about

09/21/2018."  (Dkt. 44).  He further states that both defendants were mailed via

USPS priority mail in a Macomb County case, that Johnson was emailed a copy of

the filed papers because his address was undeliverable by USPS and that he

exchanged emails (it is not clear with which defendant he exchanged emails,

although presumably it was with Johnson) in February 2018, about two months

before Anderson filed the complaint.  (*Id.*).

## II.    DISCUSSION

In this case, Anderson did not properly serve the summons and complaint on

Johnson and Gilmore pursuant to Fed. R. Civ. P. 4(e).  Rule 4(e) provides,

> (e) Serving an Individual Within a Judicial District of the
> United States.  Unless federal law provides otherwise, an
> individual--other than a minor, an incompetent person, or
> a person whose waiver has been filed--may be served in a
> judicial district of the United States by:
>
> (1) following state law for serving a summons in an
> action brought in courts of general jurisdiction in the
> state where the district court is located or where service
> is made; or
>
> (2) doing any of the following:

---

[1] AO 398 is a form notice of lawsuit and request to waive service of summons form.

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Anderson was attempting to serve both Johnson and Gilmore, individuals, but did not explain any efforts to personally serve either defendant, to leave a copy at their dwellings, or delivering a copy to an authorized agent.

Anderson's service attempts also do not comport with Michigan law. Michigan Court Rule 2.105 provides the means by which a plaintiff may serve process on an individual:

MCR 2.105 Process; Manner of Service

(A) Individuals.  Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

3

As stated, Anderson explained that he attempted service by mailing the documents by US mail, and also mentions USPS priority mail and email.  (Dkt. 44).  Anderson apparently has not attempted service by sending a summons and complaint to the defendants by <u>certified mail</u> and there is no return receipt signed by either defendant to demonstrate proper service.  And, again, Anderson did not explain any attempts at personal service.  Anderson also did not provide a reason why he has not <u>properly</u> served these defendants.  Notably, in its September 12, 2018 Report and Recommendation pertaining to Anderson's efforts to serve another defendant, the Court reviewed the Rule and laid out the necessary steps to effectuate proper service under the rule.  (Dkt. 28).  That Report and Recommendation, which was adopted by the Court's order of October 29, 2018 (Dkt. 31), well predates the instant order to show cause and subsequent order for supplemental briefing which were issued in December of 2018.  As such, Anderson was on notice as to how to properly serve the individual defendants.  But based on Anderson's representations, he simply has not attempted proper service of the summons and complaint on defendants Johnson and Gilmore in this matter.[2] Indeed, a review of the file indicates that as of the date of this report defendants Johnson and Gilmore remain unserved.

---

[2] Although Anderson is proceeding *pro se,* those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Frame v. Superior Fireplace,* 74 Fed. Appx 601, 603 (6th Cir. 2003).

Pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint has not been accomplished within 90 days after the filing of the complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Indeed, "[d]ismissal of the action shall follow unless the plaintiff shows good cause" for failure to meet the 90-day deadline. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (internal quotation marks and citation omitted). Anderson has not demonstrated good cause for his failure to attempt and effectuate <u>proper</u> service on Johnson and Gilmore. Further, the fact that a defendant knows about a lawsuit or obtains a copy of the complaint from another source does not relieve the plaintiff of the obligation of obtaining proper service of process upon a defendant because "actual knowledge of a lawsuit [will not] substitute for proper service." *LSJ Inv. Co., Inc., v. OLD, Inc.,* 167 F.3d 320, 324 (6th Cir. 1999). Having shown no attempt to properly serve the defendants and having shown no good cause for the failure to serve the two defendants, the undersigned suggests that dismissal without prejudice is appropriate. *See, e.g., Toncz v. Bank of America, N.A.*, 2013 WL 1245746, at *4 (M.D. Tenn. Mar. 26, 2013) (recommending dismissal of a number of defendants without prejudice because of the plaintiff's failure to effectuate proper service on them and her failure to demonstrate good cause why

5

she did not effectuate proper service), *report and recommendation adopted*, 2013 WL 1775505 (M.D. Tenn. Apr. 25, 2013).

The undersigned considered Anderson's response to the Court's order to show cause in which he indicates that the defendants have "avoided many attempts for service." (Dkt. 36). However, Anderson provides no details or factual basis to support his claim that the defendants are evading service. This bare bones and unsupported allegation is an insufficient foundation upon which to build a case for additional time to serve. And, without a recitation of facts adequately demonstrating evasion of service, the undersigned cannot conclude that the defendants are, in fact, evading service. Accordingly, dismissal of defendants Johnson and Gilmore without prejudice for failure to attempt proper service is appropriate here.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants Andrew Johnson and Willy Gilmore be **DISMISSED WITHOUT PREJUDICE** from this matter.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

6

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: May 30, 2019                                    s/Stephanie Dawkins Davis
                                                      Stephanie Dawkins Davis
                                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 30, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

                                         s/Sara Krause acting in the absence of
                                         Tammy Hallwood, Case Manager
                                         (810) 341-7850
                                         tammy_hallwood@mied.uscourts.gov