UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT ANDERSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **CLINTON TOWNSHIP POLICE DEPARTMENT, ROB WOLCHEK, CHASE BANK, OVIEDU ALDEA, ANDREW JOHNSON, WILLY GILMORE**, <br><br> Defendants. | 2:18-CV-11291-TGB <br><br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis' June 30, 2019 Report and Recommendation (ECF No. 55), recommending granting Defendants' Motions to Dismiss (ECF Nos. 32, 37, 46) and denying Defendants' request for surety bond.

The Court has reviewed the Magistrate Judge's Report and Recommendation. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court

will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.*

Plaintiff filed two objections to Magistrate Judge Davis' Report and Recommendation. ECF No. 56. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections do not warrant reaching a conclusion contrary to the Magistrate Judge's Report and Recommendation.

  a. Objection 1: Defendant Aldea's cooperation with Clinton Township Police

Plaintiff first objects to Magistrate Judge Davis' conclusion that he "did not plead any facts suggesting that these defendants engaged in actions traditionally reserved to the state." Objections, ECF No. 56 PageID.760. Plaintiff states in response that Defendant Aldea (1) harassed Plaintiff; (2) made complaints about Plaintiff to Clinton

Township Police; and (3) answered questions from the police about his complaints. These kinds of actions—harassment by a citizen, making reports to the police, and answering questions put by the police—are not in any way the kind of actions traditionally reserved to the state. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The applicable law therefore requires rejecting Plaintiff's first objection.

  b. Objection 2: Defendant Wolcheck's news story and the connection between the defendants

The basis for Plaintiff's second objection is not clear but appears to be two-fold: (1) the defendants conspired against Plaintiff; and (2) Defendant Wolchek published an incomplete news story about Plaintiff.

Magistrate Judge Davis recommended dismissing Defendants Aldea, Wolchek, and Chase Bank from this case because she correctly concluded that they were not state actors, and therefore could not be subject to liability under 42 U.S.C. § 1983. Consequently, whether they conspired, or whether Wolchek's news story was incomplete, are irrelevant to the legal conclusions in the Report and Recommendation. Plaintiff's second objection is therefore overruled.

Accordingly, it is hereby **ORDERED** that Plaintiff's Objections are **OVERRULED**, and Magistrate Judge Davis' Report and

Recommendation of June 30, 2019 is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 32, 37, 46) are **GRANTED** and Defendants Wolcheck, Aldea, and Chase Bank are **DISMISSED.** Defendants Wolchek's and Aldea's request for surety bond is **DENIED**.

    **SO ORDERED.**

    DATED: July 17, 2019.

                      BY THE COURT:

                        /s/Terrence G. Berg
                        TERRENCE G. BERG
                        United States District Judge